UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 12-CV-03694-GW (MAN)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Regarding Confidential Information ("Stipulation") filed on June 11, 2014, the terms of the protective order to which the parties have agreed -- and as to which they have been bound as of the date on which it was signed by counsel for the parties -- are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's deletion of paragraph 13 and amendment of paragraph 8 of the Stipulation.

///

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

1  only the confidential, privileged, or otherwise protectable portions of the document,
2  shall be filed.  Any application that seeks to file documents under seal in their
   entirety should include an explanation of why redaction is not feasible.
3  
4  Notwithstanding any other provision of this Protective Order, in the event
   that this case proceeds to trial, all information, documents, and things discussed or
5  introduced into evidence at trial will become public and available to all members of
6  the public, including the press, unless sufficient cause is shown in advance of trial
7  to proceed otherwise.

8  **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**
9  **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**
10 **HONORABLE GEORGE H. WU, UNITED STATES DISTRICT JUDGE,**
11 **INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.]**

12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.  "Party" or "Parties" as used herein shall refer to Plaintiff and Defendant in the above referenced matter.

2.  The Parties and/or third parties have produced or will produce, in connection with discovery proceedings in this action, information, and/or documents consisting of or referencing confidential information constituting private and/or confidential commercial, financial, and/or proprietary business information. Such information and/or documents are called "CONFIDENTIAL INFORMATION" in this **Protective Order**.

3.  If CONFIDENTIAL INFORMATION has already been produced in discovery, it will be deemed already so designated. If it has not yet been produced in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as practicable in connection with its production, including but not limited to stamping, writing, labeling, or otherwise affixing the word "CONFIDENTIAL" upon the information itself prior to its disclosure or production in discovery. The designation of any information or documents as "CONFIDENTIAL" shall be made in good faith.

4.  To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be maintained as set forth in this **Protective Order**.

5.  CONFIDENTIAL INFORMATION will be used by the Parties solely for the purposes of this litigation and any appeal of this litigation and not for any other reason.

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

6. The Parties will not disclose CONFIDENTIAL INFORMATION in any manner to anyone other than the following, who will agree to maintain its confidentiality:

(a) Counsel of record for the Parties and employees or clerical assistants of said counsel to whom disclosure is deemed necessary for the purposes of this litigation;

(b) Parties and their officers, agents, and employees to whom disclosure is deemed necessary for purposes of this litigation;

(c) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel for the Parties for the purpose of analyzing data, conducting studies, or providing opinions to assist in this litigation;

(d) The Court and its personnel, including stenographic reporters regularly employed by the Court;

(e) Any neutral person who may be selected by the Parties to preside over their private mediation or early neutral evaluation;

(f) Stenographic and video-graphic reporters responsible for depositions taken in this case;

(g) Witnesses at deposition or trial (and only during a deposition or trial) who agree on the record to keep the information confidential;

(h) At trial without prior notice except the notice normally required for the introduction of documents at trial; and

    (i) Such other persons as may be designated by written stipulation of the Parties to this action.

  7. A Party may challenge the designation of information and/or documents as "CONFIDENTIAL" as follows: In the event that a Party challenges the designation of information and/or documents produced by and belonging to a Party as CONFIDENTIAL INFORMATION, the Party must do so in good faith and will so notify the other Party in writing. The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated "CONFIDENTIAL" will not be used in a manner inconsistent with this Agreement, until either: (a) thirty (30) days pass after that other Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order of the Court upholding the designation; or (b) a motion timely made is denied by the Court.

  8. Before any materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as CONFIDENTIAL INFORMATION are filed with the Court for any purpose, the Party seeking to file the material shall meet and confer with the producing Party regarding whether the material should be **submitted with an application to file such material** under seal. Absent an agreement that filing under seal is not necessary, the Party seeking to file the material shall request permission of the Court to file the material under seal and, until permission is granted, shall **lodge** the material under seal, unless the producing Party agrees otherwise. The Parties will follow and abide by applicable law with respect to filing documents under seal in this Court**, including the provisions of Local Civil Rule 79-5 and this Protective Order.**

9.  Entering into, agreeing to, and/or complying with the terms of this **Protective Order** will not:

    (a)  Operate as an admission that any particular designated material constitutes, contains, or reflects trade secrets, proprietary, or commercial information or other confidential matter;

    (b)  Prejudice in any way the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination as to whether particular designated material should be produced;

    (c)  Prejudice in any way the right of any Party to apply to the Court to rescind or modify the terms of this **Protective Order** or to move the Court for a further protective order;

    (d)  Prejudice in any way the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION at any hearing or at trial;

    (e)  Affect the obligations of any Party or person to comply with the terms of any compulsory process; or

    (f)  Be construed as a waiver by either Party of any discovery objection.

10. Upon demand at the conclusion of this action, documents containing CONFIDENTIAL INFORMATION will be returned to the Party or third party **who or** which produced it, not later than thirty (30) days after a final judgment or dismissal is entered, except that counsel for each Party may retain a copy of any such documents, but shall not further disclose any such documents, which shall remain subject to this **Protective Order** until the terms thereof are modified by the

1  Parties in writing or by a court of competent jurisdiction after no less than twenty
2  (20) days written notice to all Parties hereto.

3      11.    The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this **Protective Order**, duplication of, access to, discussion of, and distribution of copies of CONFIDENTIAL INFORMATION, including obtaining enforceable non-disclosure agreements from any third party authorized to receive CONFIDENTIAL INFORMATION pursuant to this **Protective Order** to whom CONFIDENTIAL INFORMATION is disclosed.

    12.    This **Protective Order** shall not govern the use or disclosure of CONFIDENTIAL INFORMATION by the Party or third party producing such CONFIDENTIAL INFORMATION.

    13.    **[DELETED]**

**IT IS SO ORDERED.**

DATED: June 23. 2014

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE